TOWN OF EAGLE LAKE, a municipal corporation, *Plaintiff in Error,* vs. E. V. CAMP & ASSOCIATES, INC., a corporation, *Defendant in Error.*

139 So. 592.

Division B.

Opinion filed January 25, 1932.

*Peterson, Carver & Langston,* of Lakeland, for Plaintiff in Error;

*Huffaker & Edwards,* of Bartow, for Defendant in Error.

DAVIS, J.—This is a writ of error taken to a judgment for plaintiff rendered in a suit brought against the Town of Eagle Lake by E. V. Camp & Associates, Inc., to recover on an account for engineering services rendered the town.

The declaration was in three counts,—for goods bargained and sold, for work done and materials furnished, and on account stated. To this declaration the defendant filed two pleas, namely: Never was indebted as alleged and discharge by payment. There was also an additional plea interposing the statute of limitations, but this plea was abandoned at the trial. No effort was made to prove the plea of payment and the trial was had on the common counts and the plea of general issue.

The evidence tends to show that while there was a written contract entered into by the Town of Eagle Lake and E. V. Camp & Associates, a partnership, for the rendition of certain engineering services to the Town on certain specified engineering projects, the recovery here sought by E. V. Camp & Associates, Inc., a corporation, was not on the basis of the written contract which had been entered into by the partnership and which related to entirely different work.

It appears that there was no written contract for the work for which recovery was allowed in this case, which consisted of making the necessary surveys for street paving, preparing plans and specifications and instruments and other engineering services in connection with certain work designated as Project 3. The only connection shown between the work which was sued for in this case and the

work mentioned in the written contract is found in the testimony of the plaintiff to the effect that the same rate of payment that had been agreed upon in the written contract for the other projects, which had been finished and paid for, was to be the measure of payment for the services rendered in the instant case.

There is testimony to the effect that the engineering work sued for was actually performed and accepted by the officials. The case was fairly submitted to the jury in the charge of the court in which no error appears. If the work was done by the plaintiff and accepted by the town officials irrespective of the written contract which had been entered into by the town officials with E. V. Camp & Associates, a partnership, which seems to have been the theory of the plaintiff's case, there was no error in rejecting evidence offered by the defendant for the purpose of showing that checks had been made and endorsed by the partnership which was not shown to have been connected with the work sued for in the instant case.

In Sanderson v. Hagan, 7 Fla. 318, this Court recognized the rule that even where a special contract has been entered into and it appears that such contract has been fully performed by the plaintiffs or rescinded, abandoned or become extinct by some act of the defendants that plaintiff is entitled to recover in an action of assumpsit under the common counts for the value of the work done or materials furnished in the performance of the special contract. In this case the recovery was sought only for what work was alleged to have been done and performed by the plaintiff and the issue arising as to this appears to have been fairly submitted to the jury and determined against the defendants. Such determination appears to be amply supported by the evidence, so the judgment must be affirmed, no prejudicial error in procedure having been shown to have occurred on the trial.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.